J-S14040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                             :                PENNSYLVANIA
                                                               :
               v.                                      :
                                                               :
LAMAR GARY,                                  :
                                                                :
                  Appellant                :      No. 2027 EDA 2024

Appeal from the Judgment of Sentence Entered July 18, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003186-2023

BEFORE:    DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED MAY 2, 2025**

Appellant, Lamar Gary, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following his conviction at a bench trial on the charge of public drunkenness and similar misconduct ("public drunkenness"), 18 Pa.C.S.A. § 5505. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On May 9, 2023, Appellant was arrested in connection with an incident occurring at Defibers Beer Distributor ("Defibers") in Darby Township. On August 3, 2023, the Commonwealth filed an Information charging Appellant with terroristic threats, simple assault, harassment, disorderly conduct, and public

_____

[*] Former Justice specially assigned to the Superior Court.

drunkenness.[1]  Thereafter, the Commonwealth amended the Information and withdrew all charges, except for public drunkenness.

On July 18, 2024, Appellant, represented by counsel, proceeded to a bench trial at which the sole testifying witness was Darby Borough Police Officer Thomas Takacs.  The officer testified he was on duty on May 9, 2023, when he was dispatched to Defibers at approximately 7:45 p.m. to remove an "unwanted subject."  N.T., 7/18/24, at 4-6.  The officer noted Defibers was a beer distributor, and it was open to the public when he arrived on the scene. *Id.* at 6.  A store clerk pointed to Appellant, who was standing at the service window. *Id.* at 7, 17.  Other customers were standing in the vicinity of Appellant waiting to be served. *Id.* Upon approaching Appellant, Officer Takacs noticed that Appellant was "visibly intoxicated." *Id.* at 7.

Specifically, Officer Takacs testified Appellant "had the odor of alcohol emanating from his person, slurred speech, red, bloodshot eyes, slow, lethargic movement.  And he also had urinated all over the front of himself." *Id.* Officer Takacs testified that, in his duties as a police officer, he has been in contact with "hundreds of intoxicated subjects," and Appellant showed many of the typical signs of intoxication, including "the red, bloodshot eyes, odor of alcohol, slurred speech, and slow lethargic movements." *Id.* at 8-9.

---

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(1), 2709(a)(4), 5503(a)(4), and 5505, respectively.

Officer Takacs confirmed he was wearing a body camera during his encounter with Appellant, and as the video footage from the body camera was played in court, Officer Takacs narrated. *Id.* at 12-14. Officer Takacs noted he approached Appellant by saying, "Hey boss…they want you to leave." *Id.* at 19, 32. Appellant responded back, "I'm cool." *Id.* at 20. Officer Takacs explained he asked Appellant for his driver's license, and Appellant "just stood there repeating himself." *Id.* at 13. Officer Takacs drew the court's attention to Appellant's appearance, movements, and speech, which Officer Takacs testified were consistent with intoxication. *Id.* at 14.

Officer Takacs noted that a second officer, who had arrived on the scene, needed to assist Appellant in retrieving his driver's license from his wallet because "he kept trying to hand us other items." *Id.* at 26. Officer Takacs noted that, at one point, Appellant tried to hand him cash from his wallet. *Id.* at 27. The second officer asked Appellant for his telephone number, and Appellant was unable to provide it. *Id.* at 14. At this point, Appellant was handcuffed and removed from Defibers. *Id.*

On cross-examination, Appellant's counsel asked Officer Takacs if the video showed a customer laughing and standing to the left of Appellant. *Id.* at 17. The officer agreed the customer was "laughing and smiling," but he did not know whether the customer was engaging with Appellant or someone else. *Id.* at 18.

At the conclusion of the bench trial, the trial court convicted Appellant of public drunkenness. The trial court indicated it would request a presentence investigation report ("PSI report"), and Appellant's counsel indicated, "[Appellant] waives any of that. [He] would ask to proceed immediately to sentencing." *Id.* at 41-42.

Appellant's counsel noted that Appellant, who was on state parole and concurrent state probation when he committed the instant offense, had been in prison since May 9, 2023, when he was arrested. The Commonwealth indicated it was seeking either time served or monetary fines. *Id.* at 43. Appellant's counsel asked for a monetary fine, as opposed to time served. *Id.* The trial court responded with "no further penalty" for Appellant. *Id.*

Appellant did not file a post-sentence motion; however, on July 25, 2024, he filed a timely notice of appeal. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant's counsel sets forth the following issues in Appellant's "Statement of the Questions Presented" (verbatim):

1. Whether the evidence was insufficient to establish Appellant's guilt for the offense of Public Drunkenness, 18 Pa.C.S.A. § 5505, where the Commonwealth failed to prove beyond a reasonable doubt that Appellant was manifestly under the influence of alcohol or a controlled substance to the degree that endangered himself or others or property or annoyed persons in his vicinity?

2. Whether the trial court erred as a matter of law and abused its discretion when it denied Appellant's motion to strike testimony from Officer Takacs that Appellant had been refused service by the beer distributor which testimony was non-responsive and constituted hearsay?

- 4 -

Appellant's Brief at 3 (suggested answers omitted).

In his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction. As with any claim that contests whether there was sufficient evidence to sustain a conviction, we employ a well-settled series of legal precepts:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**_Commonwealth v. DiStefano_**, 782 A.2d 574, 582 (Pa.Super. 2001) (citations and quotation marks omitted).

In his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction for public drunkenness. Specifically, he avers the Commonwealth failed to demonstrate he "was so manifestly under the

- 5 -

influence of alcohol that he was a danger to himself or others or that he annoyed others in his vicinity." Appellant's Brief at 10.

The public drunkenness statute provides that "[a] person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol...to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity." 18 Pa.C.S.A. § 5505. Thus, relevantly, to convict a person of public drunkenness, the Commonwealth must establish: (1) the defendant was in a public place; (2) the defendant was manifestly under the influence of alcohol; and (3) to such a degree that he may endanger himself, other persons, or property or annoy persons in his vicinity. *See id. See also Commonwealth v. Whritenour*, 751 A.2d 687, 688 (Pa.Super. 2000). The "manifestly under the influence of alcohol" element of the public drunkenness offense requires "some aberrant behavior" that could harm or annoy another. *Commonwealth v. Meyer*, 431 A.2d 287, 290-91 (Pa.Super. 1981) (citation omitted).

Here, in finding the Commonwealth established the crime of public drunkenness, the trial court reasoned as follows:

> [T]he testimony revealed that when Officer Takacs arrived, Defibers, [a beer distributor], was "open to the public," and he observed Appellant standing at the service window. [The trial] court concluded that, based...on the evidence produced at trial, including the evidence Defibers is a business open to the public and members of the public were present, Defibers is a public place.
>
> Officer Takacs testified he could see Appellant's eyes were red and bloodshot. Officer Takacs testified Appellant was speaking slowly, and Appellant's speech was slurring. Officer

Takacs testified Appellant's movements were slow and lethargic. Officer Takacs testified Appellant urinated in his pants, and his pants were wet. The [trial] court listened to the testimony of Officer Takacs…and believed the testimony. The [trial] court concluded based on the testimony and evidence presented Appellant showed *indicia* of intoxication and was manifestly under the influence of alcohol[.]

Officer Takacs testified Appellant's movements were slow and lethargic, and…Appellant was "just standing there repeating himself." Officer Takacs testified…Appellant struggled to find his identification when asked. Officer Takacs testified Appellant's identification had to be pulled out of the wallet by another officer. Officer Takacs testified Appellant inexplicably offered cash to the officers at Defibers. Officer Takacs testified Appellant had urinated in his pants, and [his] pants were wet….Appellant was standing at a service window in Defibers.

Based on the testimony and evidence, the [trial] court concluded (1) the Commonwealth demonstrated Appellant was intoxicated, and the intoxication affected his decision-making skills and impaired his coordination; (2) Appellant's behavior clearly indicates Appellant was "incapable of making sound decisions," and, in fact, may be a danger to himself; and (3) Appellant was manifestly under the influence to such a degree his behavior was aberrant, and he could harm himself or another person or annoy another person.

Officer Takacs testified the police were called to remove an "unwanted subject" from Defibers. [Upon Officer Takacs' arrival,] the store employee gestured to Officer Takacs and pointed at Appellant. The [trial] court considered the [evidence that] Appellant was blocking the service window at which Appellant was standing, and this window could not be used by other patrons, thus interfering with Defibers' sales and further annoying customers and employees. The [trial] court absolutely does not agree with Appellant's implication and argument that the other patrons, who were laughing [in his presence], were not annoyed. [The trial] court determined that, based on the evidence and testimony at trial, a store employee called for police to remove Appellant paired with Appellant showing clear *indicia* of intoxication shows Appellant was intoxicated to the degree which rendered him an annoyance to those around him.

Trial Court Opinion, filed 10/29/24, at 8-10.

We agree with the trial court's sound reasoning. Based on the totality of the evidence, we agree the evidence was sufficient to convict Appellant of public drunkenness. As the trial court indicated, Appellant was in a beer distributor during normal business hours; that is, "a public place." 18 Pa.C.S.A. § 5505. Further, Officer Takacs' detailed testimony, which the trial court found credible, established Appellant was "manifestly under the influence of alcohol." *Id.* Further, Appellant's intoxication was "to the degree he may endanger himself or other persons or property or annoy persons in the vicinity." *Id.* Specifically, the evidence revealed Defibers called the police to remove an "unwanted subject." Appellant, who smelled of alcohol and urinated himself, stood at the service window interfering with Defibers' employees conducting business with other patrons. Thus, from the circumstances, it can be inferred Appellant's intoxication "annoy[ed] persons in his vicinity." *Id.*

Moreover, given Appellant's apparent inability to recall his own telephone number, difficulty communicating coherently with the police, lethargic movements, and difficulty following commands such as retrieving his driver's license from his wallet, we agree with the trial court that Appellant's intoxication was to the degree that he posed a risk to himself. *See Commonwealth v. Bennett*, 124 A.3d 327 (Pa.Super. 2015) (holding the appellant's *indicia* of intoxication, including stumbling, slurred speech, flailing arms, and shouting at police were of such a nature as to be annoying to others

and a danger to himself). Accordingly, we find no merit to Appellant's challenge to the sufficiency of the evidence.

In his next issue, Appellant contends the trial court erred as a matter of law and abused its discretion when it denied Appellant's "motion to strike testimony from Officer Takacs, during recross-examination, that Appellant had been refused service by the beer distributor." *See* Appellant's Brief at 16. Appellant contends the officer's answer was non-responsive to defense counsel's question, constituted hearsay, and should have been stricken. *Id.*

Initially, we note "[our] standard of review for a trial court's evidentiary rulings is narrow." *Commonwealth v. Mickel*, 142 A.3d 870, 874 (Pa.Super. 2016) (citation omitted). "The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion." *Id.* (citation omitted). This Court has defined abuse of discretion as "not merely an error of judgment, but [ ] rather the overriding or misapplication of the law or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa.Super. 2017).

Here, in developing his claim, Appellant points to the following excerpt from Officer Takacs' recross-examination:

Q. Okay. And just to be clear, you didn't find any alcohol or drugs on [Appellant]. Correct?
A. Correct.

Q. And you didn't observe him buy any alcohol there that day. Correct?

A. Because he was refused service, correct.

[DEFENSE COUNSEL]: I object and that was a non-responsive answer.

Q. You were not there for that interaction at all. Is that—

THE COURT: You asked the question, and he gave an answer.

[DEFENSE COUNSEL]: And it's my objection that it was non-responsive.

THE COURT: Overruled.

[DEFENSE COUNSEL]: And I asked that it be stricken from the record.

THE COURT: It will not be.

N.T., 7/18/24, at 32-33.

Appellant contends the trial court's ruling was an abuse of discretion because "[t]he question called for a yes or no response." Appellant's Brief at 17. We find no relief is due.

A "defendant must assume the risk of his counsel's questions and he cannot benefit on appeal when his own cross-examination elicited an unwelcome response." *Commonwealth v. Gilliard*, 446 A.2d 951, 954 (Pa.Super. 1982). In considering admissibility of "unwelcome responses" elicited during cross-examination testimony, courts must consider "whether the answer should have been reasonably anticipated and whether it was manifestly invited." *Commonwealth v. Rivers*, 357 A.2d 553, 555-56 (Pa.Super. 1976) (*en banc*).

In addressing Appellant's challenge, the trial court indicated:

- 10 -

> [T]he record shows Officer Takacs answered Appellant's question whether the officer observed Appellant buy any alcohol on that day. The [trial] court determined that Officer Takacs' response, considered in the totality of the circumstances,…should have been reasonably anticipated by Appellant and was manifestly invited.

Trial Court Opinion, filed 10/29/24, at 13.

We find no abuse of discretion. We agree with the trial court that Officer Takacs' response to defense counsel's question on recross-examination should have been reasonably anticipated by defense counsel, and it was manifestly invited.

For example, during direct-examination, Officer Takacs testified the police responded to Defibers for "an unwanted subject." N.T., 7/18/24, at 6. On cross-examination, defense counsel asked Officer Takacs if he responded for "an unwanted person," and the officer responded, "Correct." *Id.* at 15. Further, on cross-examination, defense counsel asked Officer Takacs if he told Appellant that the store employees wanted him to leave, and the officer responded, "Correct." *Id.* at 19.

Based on Officer Takacs' testimony on direct-examination and cross-examination that Appellant was "unwanted" in Defibers, and employees wanted him to leave, defense counsel should have reasonably anticipated that Defibers had not served Appellant. Thus, when defense counsel asked Officer Takacs, "And you didn't observe him buy any alcohol there that day. Correct?", defense counsel should have reasonably anticipated Officer Takacs' answer

would explain why he did not observe Appellant buying alcohol, *i.e.*, "because he was refused service." *Id.* at 32.

Thus, we agree with the trial court that the testimony at issue was "manifestly invited" by defense counsel. Appellant cannot now claim relief based on the officer's testimony being "non-responsive." *See Rivers*, *supra*.

Finally, we note Appellant specifically claims on appeal that the officer's response on recross-examination should have been stricken because it was hearsay. As indicated, defense counsel elicited the unwelcome response. *See Gilliard*, *supra*. Further, and in any event, as the trial court noted, Appellant did not lodge a hearsay objection to Officer Takacs' answer on recross-examination. Rather, Appellant requested Officer Takacs' answer be stricken based solely on it being "non-responsive."[2] *See Commonwealth v.*

_____

[2] We find unavailing Appellant's claim that his hearsay challenge was preserved because, during the prosecutor's direct examination of Officer Takacs, the following exchange occurred:

> [THE PROSECUTOR]: And why did your line of duty take you to that location?
> [OFFICER TAKACS]: We received a dispatch—
> [DEFENSE COUNSEL]: Judge, I'm going to object to the contents of the dispatch as I think that it pertains to the actual charge, and I want to be able to cross examine on any of that information. So, I ask that the officer be limited to the observations he made.
> THE COURT: You want to comment on the—
> [THE PROSECUTOR]: Yes, Your Honor. The officer's testifying as to why he went to the location, which goes to why he was in contact with the Defendant at that location.
> [DEFENSE COUNSEL]: I'm not—

*(Footnote Continued Next Page)*

***Baumhammers***, 599 Pa. 1, 960 A.2d 59, 73 (2008) (finding waiver and holding that in order to preserve an issue for appellate review, a party must make a timely and specific objection to ensure that the trial court has an opportunity to correct the alleged error); Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

For all of the aforementioned reasons, finding Appellant is not entitled to relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025

_____

       THE COURT: It doesn't go to the proof of the matter asserted. I'm going to allow the testimony.
N.T., 7/18/24, at 5-6. While, arguably, Appellant lodged a hearsay challenge to this portion of Officer Takacs' direct testimony, *i.e.*, that he responded to the scene because received a dispatch, Appellant's attempt to relate this objection to defense counsel's subsequent recross-examination objection is unavailing. It's well-settled that, to preserve an evidentiary challenge for appellate review, the appellant must have made a timely, contemporaneous, specific objection. ***Commonwealth v. Thoeun Tha***, 64 A.3d 704 (Pa.Super. 2013). Simply put, Appellant did not preserve any timely hearsay objection to Officer Takacs' answer on recross-examination relevant to Appellant not being served at Defibers.